UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| JAMES K. ARINGTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. 1:16-CV-315 JD |
| ) | |
| INDIANA WORKER'S COMPENSATION ) | |
| BOARD, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

Plaintiff James K. Arington filed a *pro se* complaint against thirty-two defendants on August 29, 2016 as well as a petition for leave to proceed *in forma pauperis*. [DE 1, 2]. Since that date, he has also filed a motion to preserve, a motion for a preliminary injunction and a motion for change of venue. [DE 3, 5, 6]. While Mr. Arington may meet the financial requirements to proceed without prepaying the filing fee, the Court also has an obligation under 28 U.S.C. § 1915(e)(2) to dismiss a complaint if the Court determines that it "fails to state a claim on which relief may be granted." Under federal pleading standards:

> [A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted). For the reasons that follow, the Court finds that Mr. Arington's complaint does not state a plausible claim for relief.

Mr. Arington alleges that the Indiana Worker's Compensation Board has denied him benefits as part of a "massive conspiracy" by members of that Board, insurers, medical personnel

1

and "high ranking state of Indiana officials." [DE 1 at 11]. However, the facts set forth in his complaint do not support such an expansive claim. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007) ("a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions"); *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011) (noting that the level of factual specificity required at the pleading stage rises when the plaintiff's allegations are complex). Rather, they point to a more limited grievance—that Mr. Arington's IWCB proceedings have been marred by falsified records, inaccurate statements and the Board's refusal to permit him to obtain and present evidence in his favor. In turn, he says, this has prevented him from obtaining worker's compensation benefits and adequate medical care.

Even giving his *pro se* complaint the liberal construction it is due, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), the Court is unable to discern how this gives rise to a valid federal cause of action. The law is clear that, absent exceptions not applicable here, the Constitution does not confer "an affirmative right to governmental aid, even where such aid may be necessary to secure life, liberty or property interests of which the government itself may not deprive the individual." *Estate of Stevens v. City of Green Bay,* 105 F.3d 1169, 1174 (7th Cir.1997) (citing *DeShaney v. Winnebago County Dept. of Social Servs.*, 489 U.S. 189, 196 (1989)). Further, while Mr. Arington references a host of different claims, including numerous criminal and civil rights statutes, they are largely inapposite.

The gravamen of Mr. Arington's complaint—that the IWCB has not fairly adjudicated his claim for benefits—most plausibly suggests a § 1983 procedural due process claim. That requires a plaintiff to show "(1) he had a constitutionally protected property interest, (2) he suffered a loss of that interest amounting to a deprivation, and (3) the deprivation occurred

without due process of law." *Johnson v. Thompson-Smith*, No. 16 C 1182, 2016 WL 4439950, at *6 (N.D. Ill. Aug. 23, 2016).

Mr. Arington fails to make out such a claim for two reasons. First, he does not allege a constitutionally protected interest. While he clearly believes that he is entitled to worker's compensation benefits, a "plaintiff must have more than a presumption that he is eligible for full benefits or a unilateral expectation of such an interest. He must, instead, have a legitimate, vested claim of entitlement." *Id.* at *5 (citation and alteration omitted). While it does appear that Mr. Arington received medical care for some period of time, *see* [DE 1 at 6] (alleging that the Plaintiff's medical insurance benefits were suspended), it is not clear that he ever proved his eligibility for or received a vested interest in worker's compensation benefits. Accordingly, there is no basis for finding that deprivation of those benefits implicates procedural due process. *See id.* (rejecting procedural due process claim where the plaintiff failed to establish entitlement to worker's compensation benefits).

Second, Mr. Arington does not adequately allege that any such deprivation occurred without due process of law. While he makes a number of conclusory references to fraud and misconduct on behalf of the Defendants, these cannot support a claim in and of themselves. *See Twombly*, 550 U.S. at 545. The specific allegations of wrongdoing that he does provide contend that the IWCB has denied him the opportunity to obtain and present favorable evidence and has permitted the introduction of fraudulent evidence against him. Mr. Arington does not, however, allege that these actions occurred in accordance with any "established state procedure." *Leavell v. Illinois Dep't of Nat. Res.*, 600 F.3d 798, 805 (7th Cir. 2010). Rather, he contends they amounted to felonious and fraudulent conduct. Under such circumstances, where a procedural due process claim is based on "random and unauthorized" misconduct, a plaintiff must either

3

avail himself of state post-deprivation remedies or demonstrate that the available remedies are inadequate. *Id*. To this end, Mr. Arington alleges that "higher courts turn a blind eye regarding evidence of frauds, fraudulent and falsified medical records, felony(s) which prevails in substandard medical treatment that the injured workers are forced to endure under the color of state law(s)." [DE 1 at 18]. This conclusory statement, however, falls markedly short of plausibly alleging impropriety in the Indiana court system. And without any viable allegation of the same, there is no other reason to believe that the appellate remedies available to Mr. Arington are not amply sufficient to satisfy due process.[1] *See Ostrowski v. Accusil, inc.*, 924 N.E.2d 681 (Ind. Ct. App. 2010) (reviewing Worker's Compensation Board's decision to ensure claimant received an adequate hearing). As such, Mr. Arington's procedural due process claim fails. *See Johnson*, 2016 WL 4439950 at *6 (rejecting procedural due process claim where worker's compensation claimant "opted not to pursue his appellate remedies" and made no claim "that the available procedures were inadequate or fundamentally unfair"); *Kildare v. Saenz*, 325 F.3d 1078, 1086 (9th Cir. 2003).

     Accordingly, the Court finds that Mr. Arington's complaint does not state a valid federal cause of action. Further, while it appears unlikely that Mr. Arington will be able to rectify the shortcomings in his complaint, the Court is nevertheless mindful of the Seventh Circuit's directive that the Court should grant a *pro se* plaintiff leave to amend after dismissal of the first complaint "unless it is *certain* from the face of the complaint that any amendment would be futile or otherwise unwarranted." *Tate v. SCR Med. Transp.*, 809 F.3d 343, 346 (7th Cir. 2015)

---

[1] While Mr. Arington does allege that he filed with the Indiana Court of Appeals, it appears his appeal was rejected as jurisdictionally improper as his case was still active before the IWCB at that time. *See* [DE 1 at 21] (alleging that the Indiana Court of Appeals rejected a July 19, 2016 appeal on "grounds of jurisdiction"); [DE 5 at 24] (discovery status report filed by Mr. Arington's counsel before the IWCB on September 21, 2016). Mr. Arington has provided this Court no reason to believe that the Indiana Court of Appeals will not give his case full and fair consideration when and if it is properly presented.

(emphasis in original).  Accordingly, in deference to Mr. Arington's *pro se* status, the Court will permit him to submit an amended complaint prior to November 18, 2016.  Any such amended complaint should, in brief, simple terms, explain why Mr. Arington believes he has been harmed and why that gives rise to a federal cause of action.  *See* Fed. R. Civ. P. 8(a) (requiring "short and plain" statements demonstrating the grounds for the court's jurisdiction and the plaintiff's entitlement to relief); *Stanard v. Nygren*, 658 F.3d 792, 798 (7th Cir. 2011) (noting that a complaint may be dismissed if it is too confusing or incoherent to decipher the facts that constitute the alleged wrongful conduct).

Accordingly, the Court:

(1)     STRIKES the complaint and motion for a preliminary injunction [DE 1, 5];

(2)     DENIES as moot the motion for a change of venue and motion to preserve [DE 3, 6];

(3)     TAKES the *in forma pauperis* petition [DE 2] under advisement;

(4)     GRANTS the Plaintiff to and including November 18, 2016 to file an amended complaint; and

(5)     CAUTIONS the Plaintiff that if he does not respond by the deadline, this case will be dismissed without further notice.

SO ORDERED.

ENTERED:  October 19, 2016

                                                          /s/ JON E. DEGUILIO
                                                          Judge
                                                          United States District Court

5