**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**

| | | |
|---|---|---|
| JAMES K. ARINGTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 1:16-CV-315-TLS |
| | ) | |
| WORKER'S COMPENSATION BOARD OF INDIANA, *et. al*, | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

This case was reassigned to Chief Judge Theresa L. Springmann for all further proceedings pursuant to General Order 2017-4 [ECF No. 16] effective May 1, 2017. James K. Arington, a Plaintiff originally proceeding pro se and now represented by counsel,[1] filed a Amended Complaint [ECF No. 17] against 26 Defendants: Worker's Compensation Board of Indiana; Linda Hamilton; Mary Taivalkoski; James Sarkisian; Daniel G. Foote; Andrew S. Ward; Gerald Ediger; Crysten Lefavour; Dian Parsons; Amtrust North America, Inc.; Alane Janicek; Wesco Insurance Company; Case Management Relief, LLC; Julie Funk; Sue Mitson; Summit

[1] The Court notes Plaintiff's counsel, Mr. Wesley M. Miller, Jr., submitted an Application to Appear pro hac vice [ECF No. 8] on behalf of the Plaintiff, which was granted [ECF No. 9]. The Court also notes that the Plaintiff's counsel attested that he submitted this Amended Complaint in good faith, subject to Rule 11 of the Federal Rules of Civil Procedure. Given Plaintiff's counsel's pro hoc vice status, the Court takes the opportunity to point Plaintiff's counsel to Rule 11(b)(2)–(3) of the Federal Rules of Civil Procedure, which states in relevant part:

> By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: . . . the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; . . . . the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery. . . .

Fed. R. Civ. P. 11(b)(2)–(3).

Physical Therapy, LLC; Andreas Lohmar; Physical Medicine Consultants, LLC; Thomas L. Lazoff, M.D.; Reconstructive Foot & Ankle Specialists, LLC; Jonathan Norton, M.D.; Fort Wayne Physical Medicine, P.C.; Mark V. Reecer, M.D.; Orthopaedics-Indianapolis, Inc.; Michael P. Shea, M.D.; Eaton's Trucking Service, Inc.; and an unknown employee of Fort Wayne Physical Medicine, P.C. named Billie. He also filed a Motion for Leave to Proceed in forma pauperis [ECF No. 2] on August 29, 2016. For the reasons set forth below, the Plaintiff's Motion is DENIED and the Plaintiff's Complaint is DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**DISCUSSION**

Ordinarily, a plaintiff must pay a statutory filing fee to bring an action in federal court. 28 U.S.C. § 1914(a). However, the federal in forma pauperis (IFP) statute, 28 U.S.C. § 1915, provides indigent litigants an opportunity for meaningful access to the federal courts despite their inability to pay the costs and fees associated with that access. *See Neitzke v. Williams*, 490 U.S. 319 (1989). To authorize a litigant to proceed IFP, a court must make two determinations: first, whether the litigant is unable to pay the costs of commencing the action, 28 U.S.C. § 1915(a)(1); and second, whether the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *Id.* § 1915(e)(2)(B).

Under the first inquiry, an indigent party may commence an action in federal court, without prepayment of costs and fees, upon submission of an affidavit asserting an inability "to pay such fees or give security therefor." *Id.* § 1915(a). Here, the Plaintiff's Motion establishes that he is unable to prepay the filing fee.

But the inquiry does not end there. District courts have the power under § 1915(e)(2)(B) to screen complaints even before service of the complaint on the defendants, and must dismiss the complaint if it fails to state a claim. *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999). Courts apply the same standard under § 1915(e)(2)(B) as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1018, 1027 (7th Cir. 2013).

To state a claim under the federal notice pleading standards, a complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Factual allegations are accepted as true and need only give "fair notice of what the . . . claim is and the grounds upon which it rests." *EEOC v. Concentra Health Serv., Inc.*, 496 F.3d 773, 776–77 (7th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). However, a plaintiff's allegations must show that his entitlement to relief is plausible, rather than merely speculative. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1083 (7th Cir. 2008).

On October 19, 2016, Judge DeGuilio ordered the Plaintiff's initial Complaint stricken because it did not set forth sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. In that Complaint, the Plaintiff alleged a massive conspiracy involving high ranking Indiana officials for the limited grievance of alleged misconduct by the Indiana Workers Compensation Board. The Plaintiff alleged constitutional violations where there was no constitutionally protected interest, and made several conclusory allegations of fraud and misconduct by the multitude of named Defendants. The Plaintiff failed to allege how the appellate remedies available to him for his workers compensation grievance were carried out improperly, violating his due process rights. Even though the Complaint was liberally construed

given the Plaintiff's pro se status, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), the Plaintiff's allegation failed to arise to a cause of action in which relief could be granted.

The Plaintiff was given leave to file an Amended Complaint. The Plaintiff was also granted three extensions of time to file. Although the Plaintiff has amended his Complaint and is now represented by an attorney, the Plaintiff's Amended Complaint does not give fair notice of his claims and the grounds upon which they rest. The Plaintiff did not name high ranking state officials as defendants in his Amended Complaint, but the Amended Complaint still suffers from the fatal defects contained in the first Complaint. The Plaintiff generally alleges that all 26 of the Defendants violated his rights under a number of varied theories, many of which are not recognized constitutional harms in the context of a worker compensation grievance. For example, in Count One, the Plaintiff alleges that all the Defendants acted with deliberate indifference in providing medical care under 42 U.S.C. § 1983, as well as the First and Eighth Amendments. (Am. Compl. ¶ 78; ECF No. 17.) In Count Two, the Plaintiff alleges his due process rights were violated by all the Defendants under 42 U.S.C. § 1983, as well as the First, Fifth, and Fourteenth Amendments, but without providing particularity as to how these violations occurred. (*Id.* at ¶ 79) Like Counts One and Two, the Plaintiff in Counts Three through Seven continues alleging that all of the Defendants committed constitutional violations—equal protection under the law, deliberate indifference in providing medical care, and failure to provide due process—merely by incorporating by reference the prior 77 paragraphs of the Amended Complaint. (*Id.* at ¶¶ 80–85.) The Plaintiff follows the same pattern in alleging tort claims of negligence, gross negligence, breach of fiduciary duty, and "tort claims of bad faith insurance contract," without providing any facts that would support those claims. (*Id.* at ¶¶ 86–87.)

The Plaintiff's Amended Complaint lacks organization and coherence, requiring the Court to extrapolate and infer facts. Where a "lack of organization and basic coherence renders a complaint too confusing to determine the facts that constitute the alleged wrongful conduct, dismissal is an appropriate remedy." *Standard v. Nygren*, 658 F.3d 792, 798 (7th Cir. 2011). The Defendants have not been provided notice as to what the claims are and the grounds on which they rest. "To form a defense, a defendant must know what he is defending against; that is, he must know the legal wrongs he is alleged to have committed and the factual allegations that form the core of the claims asserted against him." *Id.* at 799.

The Plaintiff has failed to cure the deficiencies identified in the October 19, 2016, Order. The Plaintiff's Amended Complaint does not "contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Kolbe & Kolbe Health & Wealthfare Benefit Plan v. Med. Coll. of Wis. Inc.*, 657 F.3d 496, 502 (7th Cir. 2011). Now represented by an attorney, the Court does not see how the Plaintiff in a second amended complaint could set forth facts sufficient to state a federal cause of action that is plausible on its face. "When a complaint fails to state a claim for relief, the plaintiff should ordinarily be given an opportunity, at least upon request, to amend the complaint to correct the problem if possible." *Bogie v. Rosenberg*, 705 F.3d 603, 608 (7th Cir. 2013). "Leave to amend need not be granted, however, if it is clear that any amendment would be futile." *Id.* (citing *Garcia v. City of Chi.*, 24 F.3d 966, 970 (7th Cir. 1994)). The Plaintiff has already been granted one opportunity to amend his complaint, and it has proven futile. Accordingly, the Court denies the Motion to Proceed In Forma Pauperis and dismisses the Amended Complaint with prejudice.

## CONCLUSION

For the foregoing reasons, the Court **DISMISSES WITH PREJUDICE** the Amended Complaint [ECF No. 17] and **DENIES** the Plaintiff's Motion for Leave to Proceed in forma pauperis [ECF No. 2]. Any summons received in this case were issued by the Clerk of Court **IN ERROR**. This case now being dismissed, any summons issued may be **DISREGARDED**.

SO ORDERED on June 1, 2017.

s/ Theresa L. Springmann
CHIEF JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT