# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| JAMES K. ARINGTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO.: 1:16-CV-315-TLS |
| ) | |
| WORKER'S COMPENSATION ) | |
| BOARD OF INDIANA, *et. al*, ) | |
| ) | |
| Defendants. ) | |

## OPINION AND ORDER

This matter comes before the Court on Plaintiff James K. Arington's Motion to Submit Detailed Statements of Facts [ECF No. 33], Motion to Reconsider Transfer the Case and Recusal of Judge [ECF No. 34], and Motion to Submit Statement and Evidence for Reconsideration of a Mass Conspiracy by State Official"s [sic] and Supporting Case Law [ECF No. 35], all filed on June 12, 2017. Additionally, the Plaintiff filed an Affidavit Accompanying Motion for Permission to Appeal in Forma Pauperis [ECF No. 38] on June 23, 2017. The Plaintiff then filed a Motion to the Court [ECF No. 42] asking for the Court to serve the appellees due to the Plaintiff's indigent status on June 30, 2017. The Plaintiff also filed a Petition for Interlocutory Appeal [ECF No. 45] on September 9, 2017. The Plaintiff has filed all of these motions pro se.

The Plaintiff, originally proceeding pro se, filed an Amended Complaint [ECF No. 17] with the help of counsel,[1] against several Defendants, including: the Worker's Compensation Board of Indiana, and its individual board members Linda Hamilton, Mary Taivalkoski, James

---
[1] The Court notes that the Plaintiff's counsel, Mr. Wesley M. Miller, Jr., submitted an Application to Appear pro hac vice [ECF No. 8] on behalf of the Plaintiff, which was granted [ECF No. 9].

Sarkisian, Daniel G. Foote, Andrew S. Ward, Gerald Ediger, Crysten LeFavour, and Diane Parsons; Amtrust North America, Inc.; Alane Janicek; Wesco Insurance Company; Case Management Relief, LLC; Julie Funk; Sue Mitson; Summit Physical Therapy, LLC; Andreas Lohmar; Physical Medicine Consultants, LLC; Thomas L. Lazoff, M.D.; Reconstructive Foot & Ankle Specialists, LLC; Jonathan Norton, M.D.; Fort Wayne Physical Medicine, P.C.; Mark V. Reecer, M.D.; Orthopaedics-Indianapolis, Inc.; Michael P. Shea, M.D.; Eaton's Trucking Service, Inc.; and one "Billie," an employee of Fort Wayne Physical Medicine, P.C. whose last name is unknown.

On June 1, 2017, this Court issued an Opinion and Order [ECF No. 29] denying the Plaintiff's Motion for Leave to Proceed in Forma Pauperis [ECF No. 2] and dismissing the Amended Complaint with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for a failure to state a claim upon which relief may be granted. The Plaintiff now asks the Court to reconsider its Opinion and Order.

**LEGAL STANDARD**

Although the Federal Rules of Civil Procedure do not expressly authorize motions to reconsider, courts in the Seventh Circuit apply either Rule 59(e) or 60(b) standards to these motions. Rule 59(e) generally applies to timely filed motions such as Plaintiff's Motion to Reconsider. *See Obriecht v. Raemisch*, 517 F.3d 489, 493 (7th Cir. 2008); *see also* Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."). Rule 59 motions to reconsider are not vehicles to reargue the merits of a case, but instead bring newly discovered evidence or a manifest error of law or fact to the court's attention. *Neal v. Newspaper Holdings, Inc.* 349 F.3d 363, 368 (7th Cir. 2003); *Bordelon*

*v. Chi. School Reform Bd. of Trustees*, 233 F.3d 524, 529 (7th Cir. 2000). Additionally, parties should not submit evidence in a Rule 59 motion that could have been presented earlier. *Dal Pozzo v. Basic Machinery Co.*, 463 F.3d 609, 615 (7th Cir. 2006) (citing *Frietsch v. Refco, Inc.*, 56 F.3d 825, 828 (7th Cir. 1995)). And finally, a motion to reconsider should not be used to rehash previous arguments. *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000).

## DISCUSSION

The Plaintiff timely filed his Motion to Reconsider. In his Motion, the Plaintiff alleges that the Court improperly applied a heightened pleading standard to his Amended Complaint. The Court respectfully disagrees. As required by 28 U.S.C. § 1915(e)(2), the Court must dismiss the complaint if the Court determines that it "fails to state a claim on which relief may be granted." Under federal pleading standards:

> [A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted). The Supreme Court has further held that Rule 8 "does not require detailed allegations, but it demands more than unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (internal quotation marks and citations omitted). Mere labels, legal conclusions, and recitations of elements of a cause of action are not short and plain statements for Rule 8 purposes. *Id.* Thus, the Court must separate conclusory statements from well-pleaded factual allegations, and determine whether those allegations state a claim upon which relief may be granted.

For the reasons set forth in the Court's June 1, 2017, Opinion and Order, the Plaintiff and his attorney have failed to satisfy the pleading standards of Rule 8(a). The well-pleaded facts in

the Amended Complaint reveal what has likely been a frustrating experience for the Plaintiff, but do not state a claim for relief under federal constitutional tort statutes or Indiana law. Instead, the well-pleaded facts demonstrate that the Plaintiff has not been able to present his case as desired to the Worker's Compensation Board of Indiana. He alleges that falsified records, inaccurate witness statements about his behavior at medical appointments, and the Board's refusal to let the Plaintiff obtain and present evidence in his favor are to blame, and that these occurrences have violated his constitutional rights.

While not styled as such, perhaps the Plaintiff is advancing a procedural due process claim in his Amended Complaint,[2] meaning that he has been deprived of a protect interest without due process of law. Judge DeGuillo's reasoning from his October 19, 2016, Order succinctly explains why the Plaintiff fails to state a claim upon which relief can be granted under procedural due process principles, even after three extensions of time and the help of an attorney in amending the complaint. First, the Plaintiff failed to establish that he had a vested interest in worker's compensation benefits. The Plaintiff must do this because procedural due process only applies to protected, vested interests. *See Johnson v. Thompson-Smith*, 203 F. Supp. 3d 895, 906 (N.D. Ill. 2016). Further, even assuming that the Plaintiff did have a protected, vested interest in worker's compensation benefits, he has failed to properly allege that he was deprived of this interest without due process of law. Conclusory references to misconduct and mass conspiracy cannot, alone, support this claim. *See Twombly*, 500 U.S. at 545.

---

[2] The Constitution does not confer "an affirmative right to governmental aid, even where such aid may be necessary to secure life, liberty or property interests of which the government itself may not deprive the individual." *Estate of Stevens v. City of Green Bay*, 105 F.3d 1169, 1174 (7th Cir.1997) (citing *DeShaney v. Winnebago Cty. Dep't of Social Servs.*, 489 U.S. 189, 196 (1989)). The few exceptions to this general rule are not applicable in the instant case.

The Plaintiff's Motion to Submit Statement and Evidence for Reconsideration of a Mass Conspiracy by State Official"s [sic] and Supporting Case Law similarly provides additional conclusory allegations, inapposite case law, and possibly new theories of liability based on statute. But the Motion does not explain why these allegations were not addressed in the Amended Complaint. Instead, the Motion presents the same conclusory statements and accusations found in the Amended Complaint, but under a different name.

Similarly, the Plaintiff's Detailed Statement of Facts contains predominantly conclusory allegations, new theories of liability based on statute, and a more detailed account of the allegations made in the Amended Complaint. The Detailed Statement of Facts does not, though, explain why such detail was not provided in the Amended Complaint.[3]

The Plaintiff has also moved the Court for leave to appeal in forma pauperis. Under Federal Rule of Appellate Procedure 24(a)(1), a party who wishes to appeal in forma pauperis must file a motion in the district court and "attach an affidavit that: (A) shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs; (B) claims an entitlement to redress; and (C) states the issues that the party intends to present on appeal." The Plaintiff has filed an affidavit to the Court, and lists his issues on appeal as "Civil and Constitutional Rights." The Court next must determine whether the appeal is taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(2).

Good faith is an objective concept synonymous with frivolous. *Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000). More simply, an appeal is not taken in good faith when the claim is

---

[3] In both the Amended Complaint and the Detailed Statement of Facts, the Plaintiff has alleged that he received a Notice of Termination of Benefits under either Ind. Code § 22-3-3-4(c) or § 22-3-3-6(a). After proper notice setting forth the consequences of refusal under either of these provisions, an employee may be barred from receiving compensation or prosecuting worker's compensation claims when the employee refuses to cooperate with medical examinations required under statute. Ind. Code §§ 22-3-3-4(c), 6(a).

5

one that "no reasonable person could suppose to have any merit." *Id.* The Court finds that the Plaintiff's appeal is not in good faith. Judge DeGuilio struck the Plaintiff's Complaint because the Complaint put forth conclusory allegations of misbehavior and conspiracy and lacked factual assertions that could not support his claim. This Court dismissed Plaintiff's Amended Complaint because it once again put forth conclusory allegations of misbehavior and conspiracy and lacked factual assertions. The Plaintiff responded by asking the Court to reconsider its decision with additional motions that contain conclusory allegations of misbehavior and conspiracy but still lack factual assertions. Therefore, the Court certifies in writing that the Plaintiff's appeal is not taken in good faith. As such, he cannot proceed on appeal in forma pauperis.

## CONCLUSION

For the foregoing reasons, the Court DENIES the Plaintiff's Motion to Reconsider Transfer the Case and Recusal of Judge [ECF No. 34], DENIES his Affidavit Accompanying Motion for Permission to Appeal in Forma Pauperis [ECF No. 38], and DENIES AS MOOT his Motion to Submit Detailed Statements of Facts [ECF No. 33], Motion to Submit Statement and Evidence for Reconsideration of a Mass Conspiracy by State Official"s [sic] and Supporting Case Law [ECF No. 35], Motion to the Court [ECF No. 42], and Petition for Interlocutory Appeal [ECF No. 45].

The Clerk is directed to provide notice of this Opinion and Order pursuant to Federal Rule of Appellate Procedure 24(a)(4), and the Plaintiff is advised that he may submit his request to proceed in forma pauperis in the Court of Appeals pursuant to Federal Rule of Appellate Procedure 24(a)(5).

SO ORDERED on November 2, 2017.

                                       s/ Theresa L. Springmann
                                    CHIEF JUDGE THERESA L. SPRINGMANN
                                    UNITED STATES DISTRICT COURT